[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13454

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMES T. FOSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cr-00017-RH-MAF-1

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

James Foster appeals his sentence of 140 months' imprisonment for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C.§§ 922(g)(1), 924(a)(8).  On appeal, Foster argues the district court clearly erred in applying a two-level enhancement for obstruction of justice based on false statements he made at the detention hearing about his knowledge and handling of the firearms at issue.  He also argues that the district court imposed an unreasonable sentence by failing to address the 18 U.S.C. § 3553(a) factors and committing a clear error of judgment in weighing those factors.[1]  Finding no reversible error, we affirm.

**I.**

When reviewing the district court's imposition of an enhancement for obstruction of justice, we review the district court's factual findings for clear error and its application of the Guidelines

---

[1] Foster also makes a passing objection to a four-level enhancement for possessing between eight and 24 weapons.  Because Foster neither raised this objection below nor developed it further in his briefing, we hold that it is abandoned and do not address it.  *Ramirez v. Secretary, Dep't of Transp.*, 686. F.3d 1239, 1249 (11th Cir. 2012) ("It is well-settled that we will generally refuse to consider arguments raised for the first time on appeal."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) ("Abandonment of an issue can . . . occur when passing references appear in the argument section of an opening brief . . . .").

to those facts de novo. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

Under the United States Sentencing Guidelines § 3C1.1, a district court can increase a defendant's offense level by two levels if: (1) he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to an investigation, prosecution, or sentencing" of his instant offense; and (2) his obstructive conduct related to his "offense of conviction and any relevant conduct or . . . a closely related offense." U.S.S.G. § 3C1.1. Examples of covered conduct include "committing, suborning, or attempting to suborn perjury" or "providing materially false information to a judge or magistrate judge." *Id.*, comment (n.4(B), (F)). Perjury is "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Duperval*, 777 F.3d 1324, 1337 (11th Cir. 2015) (quotation marks omitted).

"We review for clear error the district court's factual findings necessary for an obstruction of justice enhancement based on perjury . . . and accord great deference to the district court's credibility determinations." *United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (quotation marks omitted and alteration adopted). "Although it is preferable that the district court make specific findings by identifying the materially false statements individually, it is sufficient if the court makes a general finding of obstruction encompassing all the factual predicates of perjury." *Duperval*, 777 F.3d at 1337 (quotation marks omitted). The factual predicates for a

finding of perjury include findings that the testimony was: (1) under oath; (2) false; (3) material; and (4) given with the willful intent to provide false testimony. *Singh*, 291 F.3d at 763 & n.4. For purposes of U.S.S.G. § 3C1.1, "'[m]aterial' . . . means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6).

Here, the district court didn't err in finding that Foster committed perjury at the detention hearing and accordingly imposing the enhancement for obstruction of justice. Foster was under oath at the relevant time. The district court determined that Foster's testimony that he had not handled any of the firearms was false based on the government's evidence showing his fingerprints on one of the firearms. The district court further determined that Foster's statements were willfully false based on his testimony that he was operating under the mistaken belief that so long as he hadn't handled the firearms, they were permitted in his house.

Foster's main contention on appeal is that his statement about handling the firearm was not material to his conviction. He argues that because it was known that there was a gun and that he was a convicted felon, there was sufficient warrant for his charge and, therefore, "no matter what 'statement' [he] made," it "was not a material statement." The government responds that "the statements were material to his guilt and the determination of release or detention based upon risk of danger and flight risk." We agree with the government. And because matters of guilt and pre-trial

detention are related to the prosecution of a crime, we conclude that the district court didn't err when it held that Foster's statement was material. *See* U.S.S.G. § 3C1.1.

Because Foster's detention-hearing statement about handling the firearm was perjury, we hold that the district court didn't abuse its discretion in applying the two-level obstruction-of-justice enhancement. Accordingly, we affirm on this issue.

## II.

When reviewing the reasonableness of a sentence, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). If a party doesn't raise an argument of procedural error before the district court, we ordinarily review for plain error. *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023). To prevail under the plain-error standard, the defendant must show: (1) an error occurred; (2) the error was plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. Error is plain where the district court's ruling directly contradicts the explicit language of a statute or rule, or binding precedent from the Supreme Court or our Court. *See id*. To preserve an issue for appeal, "one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Parks*, 823 F.3d 990, 994 (11th Cir. 2016) (quotation marks and citation omitted).

A sentence is procedurally erroneous if, for example, the district court fails to consider the § 3553(a) factors. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Although the district court must consider the § 3553(a) factors, it need not state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). "A district court's explanation of a sentence may be brief and may derive substance from the context of the record, the defendant's history and characteristics, and the parties' arguments." *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023). The sufficiency of the district court's deliberations may be ascertained from the full transcript of the sentencing hearing, taken together with the court's closing remarks. *Id*. Additionally, we "have taken a holistic approach in evaluating the district court's explanation of the sentence imposed" such that "[o]ur review is not limited to the district court's closing remarks." *United States v. Ghertler*, 605 F.3d 1256, 1263 (11th Cir. 2010).

The party challenging a sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing: reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, protect the public, and provide the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of

the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent public policy statement, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the need to provide restitution to any victims. *Id.*

We have "underscored" that we must give "due deference" to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quotation marks omitted). The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). A district court's unjustified reliance on any one § 3553(a) factor, however, may be indicative of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). We will vacate a defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Trailer*, 827 F.3d at 936 (quotation marks and citation omitted). One indicator of reasonableness is whether the sentence falls well below the maximum penalty. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014). We also ordinarily expect that a sentence within the guideline range is reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court abuses its discretion and imposes a substantively unreasonable sentence only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotation marks and citation omitted). A district court commits a clear error of judgment when it considers the proper factors but balances them unreasonably, arriving at a sentence that does not "achieve the purposes of sentencing as stated in § 3553(a)." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks and citation omitted). In order to determine whether that has occurred, we are required to make the sentencing calculus ourselves and to review each step the district court took in making it. *Id.* Under abuse-of-discretion review, we will sometimes affirm the district court's sentence even though we would have gone the other way. *Id.*

Here, whether reviewed de novo or for plain error, Foster's sentence was procedurally reasonable because the record reflects that the district court considered the § 3553(a) factors. Though the district court didn't individually address every § 3553(a) factor, it wasn't required to do so. *See Kuhlman*, 711 F.3d at 1326. Furthermore, the district court did address several § 3553(a) factors, including Foster's personal history and characteristics, the severity of the offense, and Foster's criminal history. A review of the entirety of the sentencing hearing reflects that the district court adequately considered the § 3553(a) factors. For these reasons, the court didn't err, much less plainly err in that respect.

Foster's 140-month imprisonment sentence was also substantively reasonable, as the district court didn't abuse its discretion in how it weighed the § 3553(a) factors. It explicitly weighed several of the § 3553(a) factors, including the seriousness of the offense, the need for just punishment, the nature and circumstances of the offense, Foster's history and characteristics, and the Sentencing Guidelines. *See* 18 U.S.C. § 3553(a).

Contrary to Foster's arguments on appeal, the district court addressed several factors that he offered in support of a lesser sentence, including the time since his last conviction and his rehabilitation, but it weighed those considerations against the aggravating factors. The district court specifically referenced Foster's character testimony, considered whether the sentence recommended by the guideline range was just and stated that it believed the guideline range was too severe a penalty for the Foster's obstruction of justice, and acknowledged that Foster accepted responsibility and gave him a reduction. Though Foster may disagree with the weight that the court gave to his mitigating factors, it isn't apparent that the district court abused its discretion in how it weighted the § 3553(a) factors.

Furthermore, the district court imposed a sentence at the low end of the guideline range and below the 180-month statutory maximum, both of which indicate that the sentence was reasonable. *See Dougherty*, 754 F.3d at 1364; *Gonzalez*, 550 F.3d at 1324.

10                    Opinion of the Court                    23-13454

The district court didn't procedurally err, and the sentence it imposed is substantively reasonable. Accordingly, we affirm on these challenges, as well.

**AFFIRMED.**